[Cite as *State v. Evans*, 2016-Ohio-5102.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-053** |
| WESLEY EVANS, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2016 CR 000064.

Judgment: Appeal dismissed.

*Charles E. Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Wesley Evans, Jr., pro se,* PID: A682-047, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} This matter is before this court on the pro se motion for leave to file a delayed appeal, pursuant to App.R. 5(A), filed by appellant, Wesley Evans, Jr. Along with the motion, appellant filed his notice of appeal in the trial court on May 25, 2016.

{¶2} Appellant appeals the trial court's entry of March 21, 2016, which sentences him to serve 24 months in prison after he entered a plea of guilty to illegal assembly or possession of chemicals for the manufacture of drugs.

{¶3} A timely notice of appeal from the entry was due no later than April 20, 2016, which was not a weekend or a holiday. Therefore, appellant's appeal is untimely by 35 days.

{¶4} No brief or memorandum in opposition to the motion for delayed appeal has been filed.

{¶5} App.R. 4(A)(1) states in relevant part:

{¶6} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶7} App.R. 5(A) provides:

{¶8} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings;

{¶10} "(b) Delinquency proceedings; and

{¶11} "(c) Serious youthful offender proceedings.

{¶12} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶13} Appellant asserts the following as his reason for filing an untimely appeal:

{¶14} "The trial court failed to advise me that I had a right to appeal and a right to appointed appellate counsel; [m]y [t]rial counsel also failed to inform me that I had a

2

constitutional right to appeal and a constitutional right to be appointed appellate counsel; I was just brought aware of these rights on May 19, 2016 when informed by an inmate law clerk."

{¶15} However, page 2 of appellant's written plea of guilty of March 1, 2016 states in relevant part:

{¶16} "My attorney has explained my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of the Court's entry of the judgment of my sentence."

{¶17} Further, page one of the plea states: "I have the right to an attorney and the Court will appoint an attorney to represent me if I cannot afford one."

{¶18} Appellant's reason for failing to file a timely appeal is based on not being advised that he could appeal and that he had a right to court appointed counsel. The signed guilty plea clearly shows that he was advised of both.

{¶19} Therefore, appellant's motion for leave to file a delayed appeal is hereby overruled.

{¶20} Appeal dismissed.

CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.